IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN EDWARD MERRIFIELD,

    Plaintiff,               No. 2:08-cv-1526 JFM (PC)

    vs.

V. A. DIRECTOR, et al.,

    Defendants.         <u>ORDER</u>

                              /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff has filed a form complaint pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).[1] However, for the reasons set forth <u>infra</u>, ruling on plaintiff's request to proceed in forma pauperis is deferred at this time.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] Plaintiff has not submitted a certified copy of his inmate trust account for the six month period that preceded the filing of this action. <u>See</u> 28 U.S.C. § 1915(a)(2). Plaintiff will be required to submit the required statement within thirty days from the date of this order. Failure to comply with this order may result in a recommendation that this action be dismissed.

1

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

/////

1    The court finds the allegations in plaintiff's complaint so vague and conclusory
2 that it is unable to determine under what provisions of federal law this action arises, whether
3 venue is proper in this court, or whether the current action is frivolous or fails to state a claim for
4 relief.  The court has determined that the complaint does not contain a short and plain statement
5 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
6 policy, a complaint must give fair notice and state the elements of the claim plainly and
7 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
8 must allege with at least some degree of particularity overt acts which defendants engaged in that
9 support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
10 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
11 an amended complaint.
12    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
13 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
14 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
15 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
16 there is some affirmative link or connection between a defendant's actions and the claimed
17 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
18 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
19 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
20 Regents, 673 F.2d 266, 268 (9th Cir. 1982).
21    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
22 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
23 amended complaint be complete in itself without reference to any prior pleading.  This is
24 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
25 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
26 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. Ruling on plaintiff's request to proceed in forma pauperis deferred until further order of court.

   2. Within thirty days from the date of this order, plaintiff shall submit a certified copy of plaintiff's inmate trust account statement for the six month period that preceded the filing of this action.

   3. Plaintiff's complaint is dismissed.

   4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment/Submission and submit the following documents to the court:

    a. The completed Notice of Amendment/Submission;

    b. An original and one copy of the Amended Complaint; and

    c. A certified copy of plaintiff's inmate trust account statement for the six month period that preceded the filing of this action.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: July 31, 2008.

            /s/ John F. Moulds
            UNITED STATES MAGISTRATE JUDGE

12;merr1526.14nots

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN EDWARD MERRIFIELD,

      Plaintiff,                         No. 2:08-cv-1526 JFM (PC)

    vs.

V. A. DIRECTOR, et al.,            <u>NOTICE OF AMENDMENT/</u>

          Defendants.             <u>SUBMISSION</u>

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____      Amended Complaint

      _____      Certified Copy of Trust Account Statement

DATED:

                                                    _____
                                                    Plaintiff